Opinion by CLINE, J. It was stipulated that the merchandise consists of kumquats similar in all material respects to those the subject of *United States* v. *Fung Chong Co.* (34 C. C. P. A. 40, C. A. D. 342). In accordance therewith the claim at 1 cent per pound under paragraph 743 was sustained.

**No. 51638.**— Protest 117785-K of V. W. Davis (Duluth).

Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919). In accordance therewith the claim for free entry was sustained.

**No. 51639.**—Protest 47356-K of Walter J. Johnson & Co. (Philadelphia).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 51640.**—Protest 47365-K of Supreme Tire & Rubber Co. (Philadelphia).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 51641.**—Protest 60375-K of Meadows, Wye & Co., Inc. (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protest was sustained to this extent.

MARCH 28, 1947

No. 51642.—SUIT 4549.▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—*Advance Solvents & Chemical Corp.* v. *United States.*   C. D. 992 affirmed February 10, 1947. C. A. D. 358.

BEFORE THE SECOND DIVISION, APRIL 2, 1947

No. 51643.—Protests 121492–K, etc., of J. Berbecker & Sons, Inc., et al. (New York).

Opinion by LAWRENCE, J.   The protests were dismissed.

BEFORE THE THIRD DIVISION, APRIL 2, 1947

No. 51644.—Protests 125049–K, etc., of Comex Wine & Spirits Co. et al. (New York).

Opinion by CLINE, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination because of breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers.   The protests were sustained to this extent.

No. 51645.—Protests 987692–G, etc., of North American Mercantile Co. (San Francisco).

Opinion by CLINE, J.   It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303).   In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp, and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.